UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL KEITH LAMBERT, :
    *Petitioner*, :
v. : Action No. 2:13cv483
HAROLD W. CLARKE, :
Director of the Virginia :
Department of Corrections, :
    *Respondent*. :

### REPORT AND RECOMMENDATION

Petitioner Michael Keith Lambert ("Lambert") seeks a writ of habeas corpus alleging constitutional errors underlying his state convictions for second-degree murder and use or display of a firearm in the commission of a felony. The respondent moved to dismiss Lambert's petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set forth in detail below, the undersigned recommends that the Court GRANT Respondent's motion, and DISMISS the petition without prejudice. Lambert's state habeas petition has not yet been considered by the Supreme Court of Virginia, and accordingly, he has not exhausted all available state remedies. As time remains for Lambert to fully exhaust his

1

state remedies, dismissal without prejudice is the appropriate remedy.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Michael Keith Lambert ("Lambert") was convicted of second-degree murder and use of a firearm on June 1, 2004 in the Circuit Court of Prince William County, Virginia. He pled guilty in what the trial court considered a "modified Alford plea," and was sentenced on September 16, 2004 to 43 years in prison with 13 years suspended. (ECF Nos. 1 at 4-5, 6 at 1). No appeal was filed.

By a prior habeas petition alleging ineffective counsel, Lambert obtained habeas relief to pursue a delayed appeal of his convictions. (2:06cv631). See Lambert v. Johnson, 387 F. App'x 372, 373-74 (4th Cir. 2010). Thereafter, Lambert appealed to the Court of Appeals of Virginia, which affirmed his convictions in both a per curiam opinion, as well as a three-judge review. (ECF Nos. 6-1 and 6-2). The Supreme Court of Virginia refused a further appeal on June 12, 2012, and Lambert did not seek further review on direct appeal. (ECF No. 1 at 7).

Lambert filed a second state habeas petition in the Circuit Court for Prince William County on April 3, 2013, alleging the Court of Appeals denied him due process, and that the Court unreasonably determined facts bearing on his habeas claims. Although, as Lambert explicitly acknowledges, the state court

2

has not finally resolved Lambert's second petition,[1] he filed this federal petition on August 30, 2013, with the assistance of counsel, "[t]o vindicate his constitutional rights" and "to ensure that his federal right to seek relief is not time barred." (ECF No. 1 at 8).

On September 30, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss, along with brief in support. Lambert filed a reply on October 11, 2013, and accordingly, the Motion to Dismiss is now ripe for judicial review.

## II. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In other words, "[t]o

---

[1] A letter addressed to the Court from Lambert's counsel asserts that the Prince William County Circuit Court has since denied Lambert's petition, and he filed a petition for appeal with the Virginia Supreme Court on March 12, 2014. (ECF No. 8).

3

satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

By his own admission in his Petition for Writ of Habeas Corpus, as well as in a subsequent letter addressed to this Court, Lambert's state habeas petition has not yet been considered by the Supreme Court of Virginia. (ECF Nos. 1, 8). As such, his claims have not yet been exhausted. In Rose v. Lundy, 455 U.S. 509, 522 (1982), the United States Supreme Court held that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." The requirement itself, the Court explained, is intended to protect the state court's autonomy in enforcing federal law while preventing the "disruption of state judicial proceedings." Id. at 518. As all of Lambert's claims are unexhausted and the Supreme Court of Virginia has not yet considered his state habeas petition, the appropriate remedy is dismissal without prejudice. Slayton v. Smith, 404 U.S. 53 (1970).

Such a remedy would not prevent Lambert from timely seeking federal habeas relief. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitation period

4

for persons in custody, pursuant to a state judgment, to petition federal courts for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1) (2006). A properly filed pending state post-conviction relief or collateral review petition tolls the federal filing period during the time it is pending in state court. 28 U.S.C. § 2244(d)(2). "An application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

After he was granted initial habeas relief to file a belated appeal, Lambert did so in the Court of Appeals on March 3, 2011. After the Court's three-judge panel denied his petition on January 4, 2012, Lambert appealed to the Virginia Supreme Court. That appeal was denied on June 12, 2012. Lambert did not file a petition for certiorari with the United States Supreme Court, and his conviction became final for purposes of the federal statute of limitations on September 10, 2012, when his time for filing expired.[2]

Lambert's second state habeas petition was filed on April 3, 2013. Accordingly, while the limitations period ran from

---

[2] The final judgment date reflects the conclusion of the delayed direct appeal, "or the expiration of the time for seeking review of that appeal." Jimenez v. Quarterman, 555 U.S. 113, 121 (2009). See also Crawley v. Catoe, 257 F.3d 395, 400 (4th Cir. 2001) (The limitations period begins to run "only when the availability of direct appeal has been exhausted, which includes the denial of a certiorari petition to the United States Supreme Court or the expiration of time for seeking such review."). A petition for a writ of certiorari in the Supreme Court must be filed within 90 days after entry of the judgment. Sup. Ct. R. 13(1).

5

September 10, 2012 to April 3, 2013, the period has been tolled since that date. As a result, approximately 7 months of his one year limitation period has expired and Lambert will have approximately 5 months in which to file an appropriate federal petition, if necessary, following the Virginia Supreme Court's decision on his habeas claims.

### III. RECOMMENDATION

As the Supreme Court of Virginia has yet to decide his state habeas claims, Lambert has not exhausted all available state remedies. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Lambert's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Case 2:13-cv-00483-RBS-DEM   Document 9   Filed 03/21/14   Page 7 of 7 PageID# 105

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 21, 2014

7